**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JACK GROVER,**

                                        **Plaintiff,**

                    **v.**                                        **5:04-CV-1340**
                                                                  **(FJS/GJD)**

**HARTFORD LIFE & ACCIDENT INSURANCE**
**COMPANY and GROUP LONG TERM DISABILITY**
**PLAN FOR EMPLOYEES OF TYCO INTERNATIONAL**
**(US) INC.,**

                                        **Defendants.**
_____

**APPEARANCES**                         **OF COUNSEL**

**OLINSKY & DiMARTINO, LLP**            **HOWARD OLINSKY, ESQ.**
186 West First Street
P.O. Box 2068
Oswego, New York 13126
Attorneys for Plaintiff

**CREVIER & RYAN, LLP**                 **DAVID B. CREVIER, ESQ.**
1500 Main Street
Suite 2020
Springfield, Massachusetts 01115-5532
Attorneys for Defendants

**SCULLIN, Chief Judge**

                    **MEMORANDUM-DECISION AND ORDER**

                              **I. INTRODUCTION**

        Plaintiff brings this ERISA action, pursuant to 29 U.S.C. § 1132(a), alleging (1) wrongful

denial of benefits and (2) breach of fiduciary duty.  He seeks a Court order (1) directing

Defendants to pay him disability income benefits until such time as he no longer qualifies for

them, (2) awarding him prejudgment interest on all benefits that have accrued prior to the date of the judgment, and (3) awarding him attorney's fees and costs pursuant to 29 U.S.C. § 1132(g).

Currently before the Court is Defendants' motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, dismissing Plaintiff's claim for breach of fiduciary duty.


## II. BACKGROUND[1]

ADT Security Systems, a subsidiary of Defendant Group Long Term Disability Plan for Employees of Tyco International (US) Inc. ("Plan"), employed Plaintiff as a security systems installer.  In June 2001, he become disabled and incapable of working.  Someone, presumably one of or both Defendants, approved his long-term disability claim in December 2001.  In December 2003, Defendant Hartford Life & Accident Insurance Company ("Hartford") terminated his disability benefits.  Plaintiff appealed this termination and provided Defendants with medical records and statements from his treating physicians.  However, Defendants have refused to consider evidence of his disability.

Plaintiff filed the instant action on November 19, 2004, naming Hartford and Tyco International (US), Inc. as Defendants.  On March 1, 2005, the Court so ordered the parties' stipulation that amended Plaintiff's complaint to substitute Defendant Plan for Tyco International (US), Inc., which was dismissed without prejudice.  Defendants filed their answer on March 2, 2005, and moved to dismiss on March 10, 2005.

---

[1] Given the procedural posture of this case, the Court assumes the truth of the allegations in Plaintiff's complaint.

# III. DISCUSSION

"The test for evaluating a [motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure] is the same as that applicable to a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6)." *Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998).  In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999).  Hence, dismissal is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994) (quotation omitted).

Plaintiff's complaint does not identify upon which provisions of 29 U.S.C. § 1132(a) he relies in asserting his breach-of-fiduciary-duty claim.  Defendants contend that a plaintiff may only assert a breach-of-fiduciary-duty claim pursuant to § 1132(a)(2) or § 1132(a)(3).  Plaintiff's response papers do not dispute this assertion.  However, he limits his discussion to § 1132(a)(3).

Section 1132(a)(2) provides that a plan participant may bring a civil action "for appropriate relief under section 1109 of this title . . . ."  29 U.S.C. § 1132(a)(2).  Section 1109(a) provides, in pertinent part, that

> **(a)** Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . .

29 U.S.C. § 1109(a) (emphasis added). The statutory language makes clear that § 1132(a)(2) is not an appropriate avenue of relief for a plaintiff who is merely asserting that the plan improperly denied him benefits. *Cf. Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 141 (1985) ("A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary." (footnote omitted)). Therefore, since Plaintiff is seeking damages only on his own behalf rather than on behalf of the plan, he may not recover for breach of fiduciary duty pursuant to § 1132(a)(2).[2] *See Lee v. Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993).

Section 1132(a)(3) provides that a participant may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of this plan . . . ." 29 U.S.C. § 1132(a)(3). Plaintiff's complaint does not ask the Court to enjoin any act or practice of Defendants. Therefore, Plaintiff may only assert a breach-of-fiduciary-duty claim under § 1132(a)(3) if he seeks "other appropriate equitable relief."

Defendants argue that Plaintiff may not assert a claim pursuant to § 1132(a)(3) because

---

[2] Plaintiff expressly limits his claim to his individual interest:

> This *fiduciary* breach is expressly brought under 29 U.S.C. § 1332 . . . as *an individual claim* against the insurer to recover benefits due to him under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. *No claim is alleged on behalf of the members of the plan as a whole* as part of this 29 U.S.C. § 1132 action.

*See* Dkt. No. 1 at ¶ 18 (emphasis added).

-4-

such a claim would be duplicative of his claim for wrongful denial of benefits. The Supreme Court has recognized "that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996) (citation omitted). Plaintiff expressly defines his breach-of-fiduciary-duty claim as a "claim against the insurer to recover benefits due to him under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *See* Dkt. No. 1 at ¶ 18. Therefore, his breach-of-fiduciary-duty claim appears to fall squarely within the relief that § 1132(a)(1)(B) provides: "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B).

However, case law suggests that it is generally inappropriate for a court to grant a motion for a judgment on the pleadings dismissing a § 1132(a)(3) breach-of-fiduciary-duty claim on the ground that the plaintiff may seek the same relief pursuant to § 1132(a)(1)(B). The Second Circuit has noted that

> should plaintiffs' claim under . . . , 29 U.S.C. § 1132(a)(1)(B), to enforce their rights under the plan fail, plaintiffs' breach of fiduciary duty claim is their only remaining remedy. *Varity Corp.* clearly provides that, where a plan participant has no remedy under another section of ERISA, she can assert a claim for breach of fiduciary duty under § [1132](a)(3). . . .
>
> *Varity Corp.* further explained, however, that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief *normally* would not be 'appropriate.'" . . . . The Supreme Court in *Varity Corp.* did not eliminate the possibility of a plaintiff successfully asserting a claim under both § [1132](a)(1)(B), to enforce the term of a plan, and § [1132](a)(3) for breach of fiduciary duty; instead, the Court indicated

> that equitable relief under § [1132](a)(3) would "normally" not be
> appropriate.  Ultimately, we believe that the determination of "appropriate
> equitable relief" rests with the district court should plaintiffs succeed on
> both claims.  This determination must be based on ERISA policy and the
> "special nature and purpose of employee benefit plans." . . . .  We therefore
> hold that *Varity Corp.* did not eliminate a private cause of action for
> breach of fiduciary duty when another potential remedy is available;
> instead, the district court's remedy is limited to such equitable relief as is
> considered appropriate. . . .

*Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89-90 (2d Cir. 2001) (internal

quotations and internal citations omitted).  The considerations that are relevant to a court's

assessment of whether particular equitable relief would be an "appropriate" remedy for a breach

of fiduciary duty will generally not be evident from the pleadings.

However, even though the ability of a plaintiff to assert a § 1132(a)(1)(B) claim does not

preclude him from asserting a § 1132(a)(3) breach-of-fiduciary-duty claim, he may only assert a

§ 1132(a)(1)(B) claim if he seeks equitable relief.  Plaintiff asks the Court to consider his request

for "just and proper" relief.  *See* Dkt. No. 1 at p. 6.  Whether or not this request is sufficient to

support his § 1132(a)(1)(B) claim, *see Heroux v. Humana Ins. Co.*, No. 04 C 304, 2005 WL

1377854, *7 (N.D. Ill. June 8, 2005) (denying defendant's motion to dismiss because of

plaintiff's general claim for relief), Plaintiff's request for prejudgment interest is clearly one for

"other appropriate equitable relief," *Dunnigan v. Metro. Life Ins. Co.*, 277 F.3d 223, 229 (2d Cir.

2002) (citations omitted).

Accordingly, the Court grants Defendant's motion for judgment on the pleadings

dismissing Plaintiff's breach-of-fiduciary-duty claim insofar as he asserts it under § 1132(a)(2)

and denies Defendant's motion for judgment on the pleadings dismissing Plaintiff's breach-of-

fiduciary-duty claim insofar as he asserts it under § 1132(a)(3).

## IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for judgment on the pleadings dismissing Plaintiff's breach-of-fiduciary-duty claim is **GRANTED** insofar as Plaintiff asserts his claim under 29 U.S.C. § 1132(a)(2); and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings dismissing Plaintiff's breach-of-fiduciary-duty claim is **DENIED** insofar as Plaintiff asserts his claim under 29 U.S.C. § 1132(a)(3).

**IT IS SO ORDERED.**

Dated: August 22, 2005
         Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge