**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JACK GROVER,**

                              **Plaintiff,**


          **v.**                                    **5:04-CV-1340**
                                                    **(FJS/GJD)**

**HARTFORD LIFE & ACCIDENT INSURANCE**
**COMPANY and GROUP LONG TERM**
**DISABILITY PLAN FOR EMPLOYEES OF**
**TYCO INTERNATIONAL (US) INC.,**

                              **Defendants.**
_____

**APPEARANCES**                        **OF COUNSEL**

**OLINSKY & SHURTLIFF, LLP**           **HOWARD OLINSKY, ESQ.**
186 West First Street
P.O. Box 2068
Oswego, New York 13126
Attorneys for Plaintiff

**CREVIER & RYAN, LLP**                **DAVID B. CREVIER, ESQ.**
Tower Square, Suite 2020
1500 Main Street
Springfield, Massachusetts 01115-5532
Attorneys for Defendants

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

        Currently before the Court are Defendants' motion and Plaintiff's cross-motion for

summary judgment on Plaintiff's ERISA claim, in which he alleges that Defendants wrongfully

denied him benefits and breached their fiduciary duty.

## II. BACKGROUND[1]

ADT Security Systems employed Plaintiff as a security systems installer.  As an employee, Plaintiff was a participant in the Defendant Group Long Term Disability Plan for Employees of Tyco International (US) Inc. ("Plan").  Defendant Hartford Life and Accident Insurance Company ("Hartford") insures the Plan.  The Plan grants Defendant Hartford "full discretion and authority to determine eligibility for benefits . . . ."

Doctors diagnosed Plaintiff with lung cancer in 2001.  Due to side effects from his cancer treatments, Plaintiff applied for long-term disability benefits in November 2001 and began receiving benefits in December 2001.  Under the Plan, Plaintiff was entitled to receive benefits for twenty-four months because, due to his disability, he was unable to perform his own occupation.  To qualify for further benefits under the Plan, Plaintiff had to be disabled from performing any occupation.  Therefore, in July 2003, a Hartford Claims Administrator initiated an investigation into the extent of Plaintiff's disability.

The Claims Administrator collected information from Plaintiff's treating physician, Dr. John Charles, and from Plaintiff's oncologist, Dr. Daniel Bingham.  Additionally, the Claims Administrator obtained an independent medical review from Dr. F.B. Dibble.  The Claims Administrator also obtained an Employability Analysis Report, which identified three possible

---

[1] Although Plaintiff responded to Defendants' Statement of Material Facts, he did not submit his own Statement of Material Facts in support of his cross-motion for summary judgment as Local Rule 7.1 requires.

Moreover, both parties submitted documentary exhibits that they did not introduce or authenticate with an affidavit pursuant to Rule 56(e) of the Federal Rules of Civil Procedure.  In addition, Defendants did not submit an attorney affidavit as Local Rule 7.1(a)(2) requires.  However, both parties relied on these documents, and neither party objected to their inclusion in the summary judgment record.  Therefore, the Court has considered these documents.

occupations for Plaintiff: (1) Atomizer Assembler, (2) Programmer Equipment Operator, and (3) Touch-up Screener.  Based upon the results of their investigation, Defendants terminated Plaintiff's benefits as of January 1, 2004.[2]  This letter states, in pertinent part, that

> [ERISA] gives you the right to appeal our decision and receive a full and fair review . . . if you do not agree with our denial, in whole or in part, and you wish to appeal our decision, you or your authorized representative must write to us within one-hundred eighty (180) days from the date of this letter.  Your appeal letter should be signed, dated and clearly state your position.[3]

*See* Defendants' Statement of Material Facts at ¶ 43; Plaintiff's Response at ¶ 43.

Furthermore, the termination letter instructed Plaintiff to send any appeal to the following address:

> Disability Claim Appeal Unit
> Benefit Management Services – Floor B2-E
> Hartford Life Insurance Company
> P.O. Box 2999
> Hartford, CT 06104-2999

*See* Plaintiff's Memorandum of Law at Exhibit "B" at 4.

---

[2] The termination letter is dated December 24, 2003, on the first page and January 6, 2004, on each subsequent page.  Plaintiff explains the discrepancy in the dates by reference to Defendants' "K-6 Records," which Plaintiff attached as Exhibit "C" to his Memorandum of Law. The original letter of December 24, 2003, contained errors – it concerned the symptoms and termination of a different claimant.  Therefore, Defendants reissued the correct letter on January 6, 2004, after Plaintiff contacted them.  *See* Plaintiff's Memorandum of Law at 2 and Exhibit "C" at 24-31.

[3] The Plan provides that a denied claimant may "request review upon written application within 60 days of the claim."  *See* Defendants' Statement of Material Facts at ¶ 7; Plaintiff's Response at ¶ 7.  Defendants assert that the difference in the length of the appeal period results from an intervening change in the governing regulations following the Plan's drafting.  The regulations now require disability plans to provide at least a 180-day appeal period.  *See* 29 C.F.R. § 1560.503-1(h)(4) (2006).  In any event, Plaintiff does not dispute that the appeal period is limited to 180 days.  Rather, as discussed *infra*, Plaintiff contends that he complied with the 180-day requirement.

On March 16, 2004, Plaintiff's counsel sent a letter to the following address:

>Hartford Life
>Benefit Management Services
>Chicago Disability Claim Office
>ATTN: Gayle Roberts, Specialist
>P.O. Box 2046
>Aurora, IL 60507-2046

*See* Plaintiff's Memorandum of Law at Exhibit "D."

In this letter, Plaintiff's counsel stated:

>Please be advised that I represent the above named claimant with regards to his Long Term Disability Plan.
>
>Enclosed herewith please find a duly executed Release of Information form.  Kindly provide the undersigned with the status of said claim.  If there is an administrative appeal available, please advise.  Also please forward the entire claims file, as it presently exists.  Additionally provide the following:
>
>1.   Summary Plan Booklet
>2.   Complete Group Disability Plan Contract
>3.   Copy of latest Annual Report
>4.   Summary of Plan's Annual Financial Report

*See* Defendants' Statement of Material Facts at ¶ 45; Plaintiff's Response at ¶ 45.

On August 3, 2004, Plaintiff's counsel sent a letter to the Disability Claim Appeal Unit at the Hartford, Connecticut address listed in the termination letter.  This letter contains the following statement: "Please accept this letter as a statement of Grover's position on appeal."  *See* Defendants' Statement of Material Facts at Exhibit "B" at 2.  The letter then reviews the medical opinions and Plaintiff's asserted limitations in arguing that Plaintiff should continue to receive long-term disability benefits.

-4-

**III. DISCUSSION**

**A.      Exhaustion of administrative remedies**

Although not a jurisdictional prerequisite to commencing an action in federal court, there is a "'firmly established federal policy favoring exhaustion of administrative remedies in ERISA cases.'" *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 445 (2d Cir. 2006) (quotation omitted).[4]  The primary purposes of the exhaustion requirement are to vest primary decision-making responsibility with ERISA trustees rather than federal courts, to provide a sufficient record for judicial review, to reduce the number of frivolous lawsuits, to provide a nonadversarial method for claims settlement, and to minimize the cost of claims settlement.  *See id.* (quotation omitted).  However, as an affirmative defense, ERISA's administrative exhaustion requirement is "subject to equitable considerations such as waiver, estoppel or futility."  *Id.* at 443.

In this case, after Plaintiff received Defendants' January 6, 2004 letter, his counsel responded, by letter dated March 16, 2004, identifying himself as Plaintiff's counsel, asking about the status of Plaintiff's claim and the availability of an administrative appeal and requesting that Defendants provide him with certain documents.  Relying upon the termination letter's use of the permissive term "should" in requesting that an appealing claimant clearly state his position, Plaintiff contends that this letter was sufficient to constitute an appeal of Defendants' termination of his benefits.

The Court disagrees.  Plaintiff's March 16, 2004 letter does not refer to an appeal, does not in any manner, request a review of his claim, and does not provide Defendants with sufficient

---

[4] For the first time in *Paese*, the Second Circuit explicitly held that "a failure to exhaust ERISA administrative remedies is not jurisdictional, but is an affirmative defense."  *Paese*, 449 F.3d at 446.

notice that Plaintiff is requesting that they initiate a review of the termination of his benefits. Furthermore, Plaintiff's counsel did not send the March 16, 2004 letter to the addressee or the address listed in the termination letter's explanation of the Plan's claim review process.  As this Court recently stated in *Moore*, when a plaintiff "fail[s] to comply with the Plan's appeal procedure [by, for example, failing to follow the instructions in a termination letter with regard to where he should send his appeal,] . . . [he] [does] not exhaust the Plan's administrative review procedures."  *Moore v. Fox Chevrolet*, No. 5:06-CV-42, 2007 WL 925721, *4 (N.D.N.Y. Mar. 26, 2007).

In addition, the March 16, 2004 letter explicitly requests that Defendants provide information to Plaintiff's counsel about how to initiate an appeal.  Thus, rather than supporting Plaintiff's argument that this letter constitutes an appeal, this request implies that an appeal would be forthcoming.  Finally, the fact that the August 3, 2004 letter purports to be "a statement of Grover's position on appeal" further supports the conclusion that Plaintiff did not intend his March 16, 2004 letter to constitute an appeal.  For all of these reasons, the Court finds that Plaintiff's counsel's March 16, 2004 letter does not constitute an administrative appeal.

On the other hand, Plaintiff's August 3, 2004 letter does contain the necessary language to constitute an appeal from Defendants' termination of his benefits.  However, the Plan requires that a claimant appeal within 180-days of receiving the termination letter.  In this case, Defendants' records, which Plaintiff provided to the Court, indicate that they sent the termination letter on January 6, 2004.  Absent evidence of the date on which Plaintiff actually received the letter, the Court presumes that Plaintiff received the letter in due course, *cf. Diogaurdi v. Rochester Laborers Pension Fund*, 317 F. Supp. 2d 216, 219 (W.D.N.Y. 2004) (citations

omitted), i.e., within three days, or no later than January 9, 2004, *see Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996).  Thus, the starting date of the appeal period was January 9, 2004, and the expiration of the appeal period was 180 days later on July 7, 2004.  Since Plaintiff's second letter is dated August 3, 2004, it is clearly untimely and, therefore, does not fulfill the requirement that Plaintiff exhaust his administrative remedies.


**B.    Futility**

Alternatively, Plaintiff asserts that it would have been futile for him to pursue an administrative appeal.  To support this argument, he states that Defendants' failure to answer his counsel's request for information in the March 16, 2004 letter, including a copy of the claim file and information about the claim-review procedure, indicates the futility of any administrative appeal.

A court will excuse a plaintiff from the exhaustion requirement only when he makes a "'*clear and positive* showing that pursuing the available administrative remedies would be futile.'"  *Davenport v. Harry N. Abrams, Inc.*, 249 F.3d 130, 133 (2d Cir. 2001) (quotation omitted).  To meet this burden, the plaintiff must show that he made an "'unambiguous application for benefits'" and that he received a "'formal or informal administrative decision denying benefits [such that] it is clear that seeking further administrative review of the decision would be futile.'"  *Id.* (quotation omitted).

In this case, Plaintiff's sole argument concerning futility is that Defendants did not respond to his request for information.  There is no dispute that Plaintiff received a formal administrative decision terminating his benefits.  However, as the Court has already discussed,

Plaintiff has failed to show that he filed a **timely** appeal from Defendants' termination of his benefits.  Accordingly, the Court concludes that, absent such an appeal, there is nothing in the record to indicate that it would have been futile for Plaintiff to appeal from that adverse decision.

## IV. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's cross-motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: September 21, 2007
      Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge

-8-